IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**UNITED STATES OF AMERICA,**      :

      **Plaintiff-Appellee,**      :

vs.      :      **Case No. 16-1203**

**JASON PAUL ARNOLD,**      :

      **Defendant-Appellant.**      :

Direct Appeal from a Criminal Judgment
Entered In the United States District Court
for the Western District of Michigan, Northern Divison
Docket No. 2:13cr00006-RHB-1
(Robert Holmes Bell, District Judge)

_____

**BRIEF OF DEFENDANT-APPELLANT**

_____

DENNIS C. BELLI
536 South High St. Fl. 2
Columbus, Ohio 43215-5785
Phone:(614) 300-2911
Fax: (888) 901-8040
Email: dennis@bellicriminaldefense.com
ATTORNEY FOR DEFENDANT-
APPELLANT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT. . . . . . . . . . . . . . . iii

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    THE DISTRICT COURT FAILED TO COMPLY WITH THE
    "LETTER AND SPIRIT" OF THIS COURT'S MANDATE IN
    *ARNOLD I*, WHICH CONTEMPLATED THAT THE DISTRICT
    COURT WOULD MODIFY ARNOLD'S PRISON TERM BY
    ELIMINATING THE 9-MONTH UPWARD VARIANCE IN ITS
    ENTIRETY, OR AT LEAST, BY REDUCING IT TO THE
    EXTENT IT WAS INTENDED TO ACCOMMODATE
    TREATMENT FOR MENTAL ILLNESS**.**

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS. . . 14

# TABLE OF AUTHORITIES

**Cases:**

*Gall v. United States*, 552 U.S. 38 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*Tapia v. United States*, 131 S.Ct. 2382 (2011). . . . . . . . . . . . . . . . . . . . . . 5, 10

*United States v. Kikumura*, 947 F.2d 72 (3rd Cir. 1991). . . . . . . . . . . . . . . . . 9

*United States v. Moored*, 38 F.3d 1419 (6th Cir. 1994). . . . . . . . . . . . . . . . . 9

*United States v. Moses*, 106 F.3d 1273 (6th Cir. 1997) . . . . . . . . . . . . . . 5, 10

*United States v. Parks*, 700 F.3d 775 (6th Cir. 2012). . . . . . . . . . . . . . . . . . 9

**Statutes:**

18 U.S.C. §3582. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Defendant-Appellant believes oral argument should be heard because the issues raised in this appeal require further explication beyond the written brief, and oral argument will facilitate the decision-making process. Wherefore, Defendant-Appellant prays that this Court will grant oral argument pursuant to Local Rule 9.

## JURISDICTIONAL STATEMENT

The United States District Court for the Western District of Michigan (Northern Division) acquired subject matter jurisdiction in Case No. 2:13cr00006-RHB-1 on April 17, 2013 when a Special Agent of the Bureau of Alcohol, Tobacco, and Firearms filed a felony complaint charging Defendant-Appellant Jason Paul Arnold ("Arnold") with being a felon in possession of a firearm. Jurisdiction was based on 18 U.S.C. §3231, which grants federal district courts exclusive original jurisdiction over all offenses against the laws of the United States.

The district court filed its original criminal judgment on July 24, 2014. Following this Court's remand for re-sentencing in Case No. 14-1956, the district court entered an amended judgment on February 5, 2016, reimposing the same sentence. Arnold filed a timely notice of appeal from that judgment on February 8, 2016. The notice of appeal was docketed in this Court under Case No. 16-1203.

Appellate jurisdiction is based on: a) 28 U.S.C. § 1291, which grants the circuit courts of appeals authority to review a judgment of a district court and b) 18 U.S.C. § 3742(a)(1) and (2), which grant circuit courts the authority to review

a final sentence that was imposed in violation of law and/or as a result of an incorrect application of the United States Sentencing Guidelines.

## STATEMENT OF THE ISSUE

Whether the district court failed to comply with the "letter and spirit" of this court's mandate in *Arnold I*, which contemplated that the district court would modify Arnold's prison term by eliminating the 9-month upward variance in its entirety, or at least, by reducing it to the extent it was intended to accommodate treatment for mental illness?

## <u>STATEMENT OF THE CASE</u>

In April 2013, officers of the Michigan State Police ("MSP") executed a search warrant for Arnold's residence and seized a loaded Winchester rifle from a kitchen cupboard. The federal grand jury for the Western District of Michigan, indicted Arnold being a felon in possession of a firearm. (Indictment, R. 7, Page ID#14) A district court jury found him guilty. (Verdict, R. 68, Page ID#311)

As part of the presentence investigation process, a probation officer calculated an advisory Guideline imprisonment range of 41 to 51 months. (PSR, R. 73, Page ID#396, ¶181) However, the district judge deviated upward and sentenced Arnold to a 60-month prison term. (Judgment, R. 79, Page ID#420)

The district judge attempted to justify the 9-month variance on the premise that a longer period of confinement and "psychiatric intervention" would:

> restore [Arnold] to where he was before when he was such a valuable worker and presumably friend of many, many people. He slipped, and he can be restored, I have confidence. But that restoration of him is not throwing him back into the community with all the stressors that a community gives. I think its better addressed to some kind of very focused psychiatric care.

(Sent. Tr., R. 89, Page ID#593)

On direct appeal, Arnold argued the upward variance ran afoul of 18 U.S.C. §3582(a).[1] In support, he cited *Tapia v. United States*, 131 S.Ct. 2382, 2393 (2011), wherein the Supreme Court interpreted the statute as forbidding a district court from lengthening a prison term to enable an offender to obtain treatment in the institution or otherwise promote his rehabilitation. Arnold also relied on *United States v. Moses*, 106 F.3d 1273, 1281 (6th Cir. 1997), wherein this Court declared "the appropriate mechanism of public protection is a commitment proceeding under [18 U.S.C.] §4246, rather than an extended criminal sentence."

This Court concurred with Arnold's position, vacated his sentence, and remanded his case for re-sentencing. The hearing panel explained:

> [T]he record makes clear that the district court's sentence, although influenced in part by concern that Arnold posed a threat to public safety, was also driven by Arnold's need for mental health treatment while incarcerated, and the court's belief that this treatment would not be completely effective if Arnold's sentence was limited to the Guidelines range. But our decision in *Moses* prohibits the extension of a defendant's sentence based on the need for treatment for mental illness, even if that mental illness creates a

---

[1]"The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that *imprisonment is not an appropriate means of promoting correction and rehabilitation.*" (Emphasis supplied).

potential danger of violent behavior. 106 F.3d at 1280. Instead, the appropriate mechanism for protecting the public from danger stemming from a convicted person's mental illness is commitment under 18 U.S.C. § 4246, "rather than an extended criminal sentence." *Moses*, 106 F.3d at 1281. Even a variance that lengthened Arnold's sentence, if it did so in order to accommodate treatment for mental illness, violates *Tapia* and § 3582(a).

(Sixth Circuit Order, R. 95, Page ID#671) ("*Arnold I*").

Following issuance of the mandate, (Sixth Circuit Mandate, R. 96, Page ID#675), the district judge conducted a new sentencing hearing. At the conclusion of the hearing, he lamented that the appellate panel in *Arnold I* "was very troubled by this Court's extensive discussion concerning the mental and emotional condition of Mr. Arnold." (Re-Sentencing Tr., R. 120, Page ID#783) He felt this "discussion" was "misperceived" by the panel. (*Id.* at Page ID#786)

The district judge then proceeded to impose the same 60-month prison term. (Amended Judgment, R. 110, Page ID#737)  This time around, he attributed the 9-month variance entirely to the statutory objective of protecting the public. (*Id.* at Page ID#785-86)

Arnold filed a timely notice of appeal from the new judgment. (Notice of Appeal, R. 112, Page ID#747)

## SUMMARY OF THE ARGUMENT

A jury found Arnold guilty of being a felon in possession of a firearm. The probation officer calculated an advisory Guideline imprisonment range of 41 to 51 months. The district judge deviated upward by 9 months to 60 months imprisonment based on his belief that Arnold needed "psychiatric intervention," and that "certainly an in-and-out sentence is not going to do that in this matter."

A panel of this Court vacated the sentence for the reason that decisions of the Supreme Court and this Circuit prohibit the extension of a defendant's sentence based on a perceived need for treatment for mental illness. Upon remand, the district judge reimposed the same 60-month prison term.

In this second appeal, Arnold relies on the mandate rule to challenge his new sentence. He contends the mandate in *Arnold I* contemplated that the district court would modify his 60-month prison term by eliminating the upward variance in its entirety, or at least, by reducing it to the extent it was intended to provide the Bureau of Prisons with additional time for mental health treatment.

The district judge made no effort to comply with this mandate. Instead, he reclassified his comments from the original sentencing hearing as merely a "recommendation" to the Bureau of Prisons to place Arnold in a medical facility

for mental health services. He then attempted to justify the 9-month upward variance on premise that it was needed to protect the public.

Arnold proposes that the district judge's approach was to justify his prior sentence in a manner that will withstand appellate scrutiny, rather than adjust it by eliminating the portion of prison time allocated "to accommodate treatment for mental illness." This approach did not comply with this Court's mandate, deprived Arnold of a within-Guidelines sentence, and resulted in excessive punishment. For these reasons, Arnold is entitled to a limited remand for re-sentencing within the advisory imprisonment range of 41 to 51 months.

## ARGUMENT

**THE DISTRICT COURT FAILED TO COMPLY WITH THE "LETTER AND SPIRIT" OF THIS COURT'S MANDATE IN *ARNOLD I*, WHICH CONTEMPLATED THAT THE DISTRICT COURT WOULD MODIFY ARNOLD'S PRISON TERM BY ELIMINATING THE 9-MONTH UPWARD VARIANCE IN ITS ENTIRETY, OR AT LEAST, BY REDUCING IT TO THE EXTENT IT WAS INTENDED TO ACCOMMODATE TREATMENT FOR MENTAL ILLNESS.**

● *Standard of Review*: This Court reviews *de novo* the question of the district court's compliance with the mandate issued in a prior sentencing appeal. *United States v. Parks*, 700 F.3d 775, 777 (6th Cir. 2012). It reviews the ultimate sentence for reasonableness using a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007).

The mandate rule "requires lower courts to adhere to the commands of a superior court" on remand for further proceedings. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Following reversal of a sentence, the district court must "implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id.* quoting *United States v. Kikumura*, 947 F.2d 72, 76 (3rd Cir. 1991).

In *Arnold I*, this Court explicitly found the length of Arnold's prison term was "driven," at least in part, by the district court's belief that he required mental

health treatment during his imprisonment and that "this treatment would not be completely effective if [his] sentence was limited to the Guidelines range." (Sixth Circuit Order, R. 95, Page ID#671) The *Arnold I* panel ruled that the 9-month upward variance violated 18 U.S.C. §3582, as interpreted in *Tapia*, to the extent that it was designed "to accommodate treatment for mental illness." (*Id.*)

Arnold believes the "letter and spirit" of this Court's mandate in *Arnold I* contemplated that the district court would modify his 60-month prison term by eliminating the upward variance in its entirety, or at least, by reducing it to the extent it was intended "to accommodate treatment for mental illness." Arnold proposes it was not this Court's objective merely to provide the district court with an opportunity to rework its rationale in a manner designed to take the upward variance beyond the reach of *Tapia* and *Moses.*

But that appears to be what the district judge did during the re-sentencing hearing. He recited a litany of reasons why this Court misinterpreted the basis for the upward variance from the original sentencing. He stated it was his intent all along to justify the non-Guideline sentence solely for protection of the public. (Re-Sentencing Tr., R. 120, Page ID#786) He insisted his comments from the original sentencing hearing were "misperceived," and were intended merely as a "recommendation" to the Bureau of Prisons "to place Mr. Arnold in a medical

facility to assess his mental health and receive intensive mental health services[.]" (*Id.*)

The transcript of the original sentencing hearing refutes this rendition of the record. At that time, the judge stated Arnold "desperately needs psychiatric intervention." (Sentencing Tr., R. 89, Page ID#593) He expressed his belief that Arnold 'can be restored," but added that "restoration of him is not throwing him back into the community with all the stressors that a community gives." (*Id.*) He declared that "in order to get that, the Court has to grant the government's motion to go outside and above the sentence guidelines." (*Id.*) He expressed his belief that he needed to provide the Bureau of Prisons with a sufficient period of time to "work with him, and certainly an in-and-out sentence is not going to do that in this matter." (*Id.* at Page ID#594)

In sum, the district judge's approach was to justify his prior sentence in a manner that will withstand appellate scrutiny, rather than adjust it by eliminating the portion of prison time allocated "to accommodate treatment for mental illness." This approach deprived Arnold of a within-Guidelines sentence and resulted in excessive punishment.

## **CONCLUSION**

The Supreme Court has emphasized the Sentencing Guidelines are the "starting point and the initial benchmark" for federal sentencing. *Gall,* 552 U.S. at 49. During the original sentencing proceedings, the district court clearly stated it was deviating above the advisory 41 to 51 month advisory range in Arnold's case in order to give the Bureau of Prisons additional time to rehabilitate him through mental health treatment.

In *Arnold I*, this Court ruled that this was an outcome prohibited by *Tapia* and *Moses.* Yet, the district court imposed the same sentence on remand. Arnold requests this Court to remand his case to the district court with instructions to re-sentence him to a prison term within the advisory Guideline range of 41 to 51 months.

s/Dennis C. Belli
DENNIS C. BELLI
ATTORNEY FOR DEFENDANT-
APPELLANT

12

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief has been produced in 14-point Times New Roman font and consists of 13 pages. It therefore complies with the 30-page limit of Fed. R. App. P. 32 for opening briefs.

s/Dennis C. Belli
DENNIS C. BELLI
ATTORNEY FOR DEFENDANT-
APPELLANT


## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2016 I electronically filed the foregoing with the Clerk of this Court using the ECF system, which will send notification and a copy of such filing to Maarten Vermaat, Assistant United States Attorney, Attorney for Plaintiff-Appellee United States of America.

s/Dennis C. Belli
DENNIS C. BELLI
ATTORNEY FOR DEFENDANT-
APPELLANT

# **DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

Defendant-Appellant, pursuant to Loc. R. 28(d), hereby designates the following district court documents that are relevant to this appeal:

Docket No. 2:13cr00006-RHB-1:

| Description of Document | Date Filed | Record No. | Page ID# Range |
|---|---|---|---|
| Docket Sheet | N/A | N/A | N/A |
| Indictment | 04/23/13 | 7 | 14-15 |
| Jury Verdict | 03/17/14 | 68 | 311 |
| Original Judgment | 07/24/14 | 79 | 420-25 |
| Sentencing Transcript | 11/25/14 | 89 | 581-607 |
| Amended Judgment | 02/05/16 | 110 | 737-742 |
| Notice of Appeal | 02/08/16 | 112 | 747-748 |
| Sixth Circuit Opinion and Order | 11/03/15 | 95 | 663-672 |
| Sixth Circuit Mandate | 11/30/15 | 96 | 675 |
| Re-Sentencing Transcript | 04/12/16 | 120 | 772-792 |