# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff-Appellee,** | : | |
| vs. | : | Case No. 16-1203 |
| **JASON PAUL ARNOLD,** | : | |
| **Defendant-Appellant.** | : | |

Direct Appeal from a Criminal Judgment
Entered In the United States District Court
for the Western District of Michigan, Northern Divison
Docket No. 2:13cr00006-RHB-1
(Robert Holmes Bell, District Judge)

---

## REPLY BRIEF OF DEFENDANT-APPELLANT

---

DENNIS C. BELLI
536 South High St. Fl. 2
Columbus, Ohio 43215-5785
Phone:(614) 300-2911
Fax: (888) 901-8040
Email: dennis@bellicriminaldefense.com
ATTORNEY FOR DEFENDANT-
APPELLANT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

REPLY ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

**Cases:**

*Petition of United States Steel Corp.*, 479 F.2d 489 (6th Cir. 1973).. . . . . . . .  1

*Tapia v. United States*, 131 S. Ct. 2382 (2011). . . . . . . . . . . . . . . . . . . . . . .  3

*United States v. Arnold*, 630 Fed. Appx. 432 (6th Cir. 2015) . . . . . . . . . .  1-4

*United States v. Moore*, 131 F,3d 595 (6th Cir. 1997) .. . . . . . . . . . . . . . . . .  1

*United States v. Moored*, 38 F.3d 1419 (6th Cir. 1994). . . . . . . . . . . . . . . .  1

*United States v. Moses*, 106 F.3d 1273 (6th Cir. 1997). . . . . . . . . . . . . . . .  3

*United States v. Scott*, No. 93-2390, 66 F.3d 327 (Table),
1995 WL 527378 (6th Cir. Sept. 6, 1995). . . . . . . . . . . . . . . . . . . . . . . .  1-2

**Statutes:**

18 U.S.C. §3582. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

# REPLY ARGUMENT

The government's brief asserts that this Court's remand in *United States v. Arnold*, 630 Fed. Appx. 432 (6th Cir. 2015) (*Arnold I*") was presumptively a general one. Therefore, says the government, the district court had free reign and could "redo the entire sentencing process including considering new evidence and issues." (Appellee Brief, p. 16, citing *United States v. Moore*, 131 F,3d 595, 597 (6th Cir. 1997) Its position mixes apples and oranges.

The scope of a general remand is circumscribed by the "law of the case" doctrine. This doctrine operates to preclude relitigation in the district court of "identical issues" already decided by the appellate court. *Petition of United States Steel Corp.*, 479 F.2d 489, 493-94 (6th Cir. 1973). The label, "general remand," simply means the district court is not precluded from considering anew or reconsidering an issue that was <u>not</u> decided in the prior appeal. *United States v. Moored*, 38 F.3d 1419, 1422 (6th Cir. 1994).

In *United States v. Scott*, No. 93-2390, 66 F.3d 327 (Table), 1995 WL 527378 (6th Cir. Sept. 6, 1995), this Court applied the principles of the "law of the case" to an appeal involving a similar procedural history. Mr. Scott had pled guilty to a felon-in-possession charge. The presentence report calculated

1

a Guideline imprisonment range of 21 to 27 months. The district court felt Scott's criminal history category did not adequately reflect the seriousness of his recorded criminal history. It therefore departed upwards and sentenced him to a 33-month prison term.

Scott appealed his sentence. This Court ruled that his criminal history category did, in fact, adequately represent the seriousness of his past criminal conduct, and concluded that the district judge "should not have departed from the guidelines range." *Id.* at *1. The hearing panel remanded Scott's case for "re-sentencing consistent with this opinion and within the applicable guidelines range." *Id.*

Upon remand, the district judge characterized this Court's opinion as "patently erroneous" and expressed his belief that it rested on the "false premise" that Scott's criminal history category was incorrectly calculated. He then proceeded to re-sentence Scott to 30 months imprisonment.

Scott again appealed, and this Court again vacated his sentence. The *Scott II* panel reasoned that "[o]ur first opinion decided that the district court should not have departed from the guideline range based on information which was 'adequately taken into consideration by the Sentencing Commission.'" *Id.* at *2.

It emphasized that "[t]he parties do not argue that any of the limited exceptions to the law of the case doctrine or mandate rule apply, nor do we believe the circumstances authorize the district court to vary from the directions of this court." *Id.*

As in *Scott*, Arnold was convicted and sentenced for a felon-in-possession charge. As in *Scott*, the district judge upwardly deviated (in *Scott*, it was a departure, in Arnold's case, a variance) from the correctly-calculated Guideline imprisonment range.

In Arnold's prior appeal, this Court ruled that the variance violated 18 U.S.C. §3582(c), the Supreme Court's opinion in *Tapia v. United States*, 131 S. Ct. 2382 (2011), and this Court's opinion in *United States v. Moses*, 106 F.3d 1273 (6th Cir. 1997). Upon remand, the district judge, albeit in more polite terms than did the district judge in *Scott,* expressed his disagreement with this Court's appellate ruling. (Sent. Tr., R. 120, Page ID##779-80) He then repeated the same mistake that precipitated the first appeal.

The only distinction between *Scott I* and *Arnold I* is that the latter does not include express language directing the district court to re-sentence the

defendant within the advisory Guideline range. But this is a distinction without a difference.

As discussed in Arnold's opening brief, "the 'letter and spirit' of this Court's mandate in *Arnold I* contemplated that the district court would modify his 60-month prison term by eliminating the upward variance in its entirety, or at least, by reducing it to the extent it was intended "to accommodate treatment for mental illness." (Appellant's Brief, p. 10) The remand order did not give the district court the discretion to ignore this command.

For these additional reasons, Arnold asks the Court to vacate his sentence, and issue a limited remand requiring the district court to re-sentence him within the Guideline range of 41 to 51 months.

s/Dennis C. Belli<br>
DENNIS C. BELLI<br>
ATTORNEY FOR DEFENDANT-<br>
APPELLANT

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief has been produced in 14-point Times New Roman font and consists of 4 pages. It therefore complies with the 15-page limit of Fed. R. App. P. 32 for reply briefs.

s/Dennis C. Belli
DENNIS C. BELLI
ATTORNEY FOR DEFENDANT-
APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016 I electronically filed the foregoing with the Clerk of this Court using the ECF system, which will send notification and a copy of such filing to Maarten Vermaat, Assistant United States Attorney, Attorney for Plaintiff-Appellee United States of America.

s/Dennis C. Belli
DENNIS C. BELLI
ATTORNEY FOR DEFENDANT-
APPELLANT
